272. The above actions and inactions by Defendants, detailed above, were so outrageous and utterly intolerable that they caused mental anguish and severe psychological and emotional distress to Paul, as well as physical harm, financial loss, humiliation, loss of reputation and other damages.

273. As a direct and proximate result of the above conduct, Paul sustained substantial damages, including, without limitation, emotional distress, loss of educational and athletic opportunities, economic injuries and other direct and consequential damages. As a result of the foregoing, Paul is entitled to damages in an amount to be determined at trial, plus prejudgment interest, attorneys' fees, expenses, costs and disbursements.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Paul respectfully prays the Court for Judgment as follows:

(i) on the first cause of action for violation of Title IX of the Education Amendments of 1972, a judgment against Columbia awarding Paul: (i) damages in an amount to be determined at trial, including, without limitation, damages to physical well-being, emotional and psychological damages, damages to reputation, past and future economic losses, loss of educational and athletic opportunities, and loss of future career prospects, plus prejudgment interest, attorneys' fees, expenses, costs and disbursements, as a result of the hostile educational environment in violation of Title IX, and (ii) a declaratory judgment pursuant to 28 U.S.C. § 2201, that Columbia has intentionally discriminated against Paul as a male victim of gender-based harassment, sexual harassment and gender-based misconduct and as a falsely accused male student by condoning and creating a hostile educational environment due to knowingly permitting Columbia student Sulkowicz and Defendants Bollinger, Kessler, Vu-Daniels and Hirsch to engage in prolonged gender-based harassment, sexual harassment, and gender-based misconduct as to Paul and permitting that gender-based harassment, sexual harassment, and gender-based misconduct in the school's programs or activities with actual knowledge of, a deliberate indifference to and an apparent approval of said gender-based harassment, sexual harassment, and gender-based misconduct, with the consequence that Paul has been effectively denied equal access to Columbia's resources and opportunities, thereby undermining and detracting from Paul's educational experience;

(ii) on the second cause of action for violation of New York Executive Law Section 296(4), a judgment against Columbia awarding Paul: (i) damages in an amount to be determined at trial, including, without limitation, damages to physical well-being, emotional and psychological damages, damages to reputation, past and future economic losses, loss of educational and athletic opportunities, and loss of future career prospects, plus prejudgment interest, attorneys' fees, expenses, costs and disbursements, as a result of hostile educational environment in violation of New York Executive Law Section 296(4), and (ii) a declaratory judgment pursuant to 28 U.S.C. § 2201, that Columbia has intentionally discriminated against Paul on the basis of his male sex by condoning a hostile educational environment due to knowingly permitting Columbia student Sulkowicz and Defendants Bollinger, Kessler, Vu-Daniels and Defendant Hirsch to engage in prolonged gender-based harassment, sexual harassment, and gender-based misconduct as to Paul and permitting that gender-based harassment, sexual harassment, and gender-based misconduct in the school's programs or activities with actual knowledge of, a deliberate indifference to and an apparent approval of said gender-based harassment, sexual harassment, and gender-based misconduct, with the consequence that Paul has been effectively denied equal access to Defendant Columbia's resources and opportunities, thereby undermining and detracting from Paul's educational experience;

(iii) on the third cause of action for violation of New York Executive Law Section 296(6), a judgment against Defendant Bollinger awarding Paul: (i) damages in an amount to be determined at trial, including, without limitation, damages to physical well-being, emotional and psychological damages, damages to reputation, past and future economic losses, loss of educational and athletic opportunities, and loss of future career prospects, plus prejudgment interest, attorneys' fees, expenses, costs and disbursements, as a result of the hostile educational environment in violation of New York Executive Law Section 296(6), and (ii) a declaratory judgment pursuant to 28 U.S.C. § 2201, that Defendant Bollinger aided, abetted, incited, compelled and/or coerced Columbia's gender-based discrimination and harassment against Paul;

(iv) on the fourth cause of action for violation of New York Executive Law Section 296(6), a judgment against Defendant Kessler awarding Paul: (i) damages in an amount to be determined at trial, including, without limitation, damages to physical well-being, emotional and psychological damages, damages to reputation, past and future economic losses, loss of educational and athletic opportunities, and loss of future career prospects, plus prejudgment interest, attorneys' fees, expenses, costs and disbursements, as a result of the hostile educational environment in violation of New York Executive Law Section 296(6), and (iii) a declaratory judgment pursuant to 28 U.S.C. § 2201, that Defendant Kessler aided, abetted, incited, compelled and/or coerced Columbia's gender-based discrimination and harassment against Paul;

(v)    on the fifth cause of action for violation of New York Executive Law Section 296(6), a judgment against Defendant Vu-Daniels awarding Paul: (i) damages in an amount to be determined at trial, including, without limitation, damages to physical well-being, emotional and psychological damages, damages to reputation, past and future economic losses, loss of educational and athletic opportunities, and loss of future career prospects, plus prejudgment interest, attorneys' fees, expenses, costs and disbursements, as a result of the hostile educational environment in violation of New York Executive Law Section 296(6), and (iii) a declaratory judgment pursuant to 28 U.S.C. § 2201, that Defendant Vu-Daniels aided, abetted, incited, compelled and/or coerced Columbia's gender-based discrimination and harassment against Paul;

(vi)   on the sixth cause of action for violation of New York Executive Law Section 296(6), a judgment against Defendant Hirsch awarding Paul: (i) damages in an amount to be determined at trial, including, without limitation, damages to physical well-being, emotional and psychological damages, damages to reputation, past and future economic losses, loss of educational and athletic opportunities, and loss of future career prospects, plus prejudgment interest, attorneys' fees, expenses, costs and disbursements, as a result of the hostile educational environment in violation of New York Executive Law Section 296(6), and (iii) a declaratory judgment pursuant to 28 U.S.C. § 2201, that Defendant Hirsch aided, abetted, incited, compelled and/or coerced Columbia's gender-based discrimination and harassment against Paul;

(vii)  on the seventh cause of action for breach of contract, a judgment against Columbia awarding Paul damages in an amount to be determined at trial, including, without limitation, damages to past and future economic losses, loss of educational and athletic opportunities, and loss of future career prospects, as well as consequential damages to physical well-being, emotional and psychological damages, damages to reputation, plus prejudgment interest, attorneys' fees, expenses, costs and disbursements;

(viii) on the eighth cause of action under Section 349(a) of the New York General Business Law, a judgment against Columbia awarding Paul: (i) damages in an amount to be determined at trial, including, without limitation, damages to physical well-being, emotional and psychological damages, damages to reputation, past and future economic losses, loss of educational and athletic opportunities, and loss of future career prospects, plus prejudgment interest, attorneys' fees, expenses, costs and disbursements that subjected Paul to a hostile educational environment in violation of Section 349(a) of the New York General Business Law;

(ix)   on the ninth cause of action for intentional infliction of emotional distress, a judgment against Columbia and Defendants Kessler, Vu-Daniels and Hirsch awarding Paul damages in an amount to be determined at trial, including, without limitation, damages to physical well-being, emotional and

       psychological damages, damages to reputation, past and future economic losses, loss of educational and athletic opportunities, and loss of future career prospects, plus prejudgment interest, attorneys' fees, expenses, costs and disbursements;

(x)    awarding Paul against Columbia and the other Defendants such other and further relief as the Court deems just, equitable and proper.

Dated:  New York, New York
         April 25, 2016         NESENOFF & MILTENBERG, LLP
                                   *Attorneys for Plaintiff Paul Nungesser*

                                     *Andrew T. Miltenberg, Esq.*
                          By:    *Philip A. Byler, Esq.*
                                Andrew T. Miltenberg, Esq. (AM 7006)
                                Philip A. Byler, Esq. (PB 1234)
                                Jeffrey Berkowitz (JB 4753)
                     **363 Seventh Avenue, Fifth Floor**
                     **New York, New York 10001**
                     **(212) 736-4500**
                     **pbyler@nmllplaw.com**
                     **amiltenberg@nmllplaw.com**
                     **jberkowitz@nmllplaw.com**