PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064

TELEPHONE (212) 373-3000

LLOYD K. GARRISON    (1946-1991)
RANDOLPH E. PAUL     (1946-1956)
SIMON H. RIFKIND     (1950-1995)
LOUIS S. WEISS       (1927-1950)
JOHN F. WHARTON      (1927-1977)

UNIT 3601, OFFICE TOWER A, BEIJING FORTUNE PLAZA
NO. 7 DONGSANHUAN ZHONGLU
CHAOYANG DISTRICT
BEIJING 100020
PEOPLE'S REPUBLIC OF CHINA
TELEPHONE (86-10) 5828-6300

12TH FLOOR, HONG KONG CLUB BUILDING
3A CHATER ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, U.K.
TELEPHONE (44 20) 7367 1600

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
P.O. BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

2001 K STREET, NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

MATTHEW W. ABBOTT
EDWARD T. ACKERMAN
JACOB A. ADLERSTEIN
ALLAN J. ARFFA
ROBERT A. ATKINS
DAVID J. BALL
JOHN F. BAUGHMAN
LYNN B. BAYARD
DANIEL J. BELLER
CRAIG A. BENSON
MITCHELL L. BERG
MARK S. BERGMAN
BRUCE BIRENBOIM
H. CHRISTOPHER BOEHNING
ANGELO BONVINO
JAMES L. BROCHIN
RICHARD J. BRONSTEIN
DAVID W. BROWN
SUSANNA M. BUERGEL
PATRICK S. CAMPBELL*
JESSICA S. CAREY
JEANETTE K. CHAN
YVONNE Y. F. CHAN
GEOFFREY R. CHEPIGA
ELLEN N. CHING
WILLIAM A. CLAREMAN
LEWIS R. CLAYTON
JAY COHEN
KELLEY A. CORNISH
CHRISTOPHER J. CUMMINGS
CHARLES E. DAVIDOW
THOMAS V. DE LA BASTIDE III
ARIEL J. DECKELBAUM
ALICE BELISLE EATON
ANDREW J. EHRLICH
GREGORY A. EZRING
LESLIE GORDON FAGEN
MARC FALCONE
ROSS A. FIELDSTON
ANDREW C. FINCH
BRAD J. FINKELSTEIN
BRIAN P. FINNEGAN
ROBERTO FINZI
PETER E. FISCH
ROBERT C. FLEDER
MARTIN FLUMENBAUM
ANDREW J. FOLEY
HARRIS B. FREIDUS
MANUEL S. FREY
ANDREW L. GAINES
KENNETH A. GALLO
MICHAEL E. GERTZMAN
ADAM M. GIVERTZ
SALVATORE GOGLIORMELLA
ROBERT D. GOLDBAUM
NEIL GOLDMAN
ROBERTO J. GONZALEZ*
CATHERINE L. GOODALL
ERIC GOODISON
CHARLES H. GOOGE, JR.
ANDREW G. GORDON
UDI GROFMAN
NICHOLAS GROOMBRIDGE
BRUCE A. GUTENPLAN
GAINES GWATHMEY, III
ALAN S. HALPERIN
JUSTIN G. HAMILL
CLAUDIA HAMMERMAN
BRIAN S. HERMANN
MICHELE HIRSHMAN
MICHAEL S. HONG
DAVID S. HUNTINGTON
AMRAN HUSSEIN
LORETTA A. IPPOLITO
BRIAN M. JANSON

JAREN JANGHORBANI
MEREDITH J. KANE
ROBERTA A. KAPLAN
BRAD S. KARP
PATRICK N. KARSNITZ
JOHN C. KENNEDY
BRIAN KIM
ALAN W. KORNBERG
DANIEL J. KRAMER
DAVID K. LAKHDHIR
STEPHEN P. LAMB*
JOHN E. LANGE
GREGORY F. LAUFER
DANIEL J. LEFFELL
XIAOYU GREG LIU
JEFFREY D. MARELL
MARCO V. MASOTTI
EDWIN S. MAYNARD
DAVID W. MAYO
ELIZABETH R. McCOLM
MARK F. MENDELSOHN
CLAUDINE MEREDITH-GOUJON
WILLIAM B. MICHAEL
TOBY S. MYERSON
CATHERINE NYARADY
JANE B. O'BRIEN
ALEX YOUNG K. OH
BRAD R. OKUN
KELLEY D. PARKER
MARC E. PERLMUTTER
VALERIE E. RADWANER
CARL L. REISNER
LORIN L. REISNER
WALTER G. RICCIARDI
WALTER RIEMAN
RICHARD A. ROSEN
ANDREW N. ROSENBERG
JACQUELINE P. RUBIN
RAPHAEL M. RUSSO
ELIZABETH M. SACKSTEDER
JEFFREY D. SAFERSTEIN
JEFFREY B. SAMUELS
DALE M. SARRO
TERRY E. SCHIMEK
KENNETH M. SCHNEIDER
ROBERT B. SCHUMER
JOHN M. SCOTT
STEPHEN J. SHIMSHAK
DAVID R. SICULAR
MOSES SILVERMAN
STEVEN SIMKIN
JOSEPH J. SIMONS
AUDRA J. SOLOWAY
SCOTT M. SONTAG
TARUN M. STEWART
ERIC ALAN STONE
AIDAN SYNNOTT
ROBYN F. TARNOFSKY
MONICA K. THURMOND
DANIEL J. TOAL
LIZA M. VELAZQUEZ
LAWRENCE G. WEE
THEODORE V. WELLS, JR.
STEVEN J. WILLIAMS
LAWRENCE I. WITDORCHIC
MARK B. WLAZLO
JULIA MASON WOOD
JENNIFER H. WU
JORDAN E. YARETT
KAYE N. YOSHINO
TONG YU
TRACEY A. ZACCONE
TAURIE M. ZEITZER
T. ROBERT ZOCHOWSKI, JR.

*NOT ADMITTED TO THE NEW YORK BAR

WRITER'S DIRECT DIAL NUMBER
212-373-3086

WRITER'S DIRECT FACSIMILE
212-492-0086

WRITER'S DIRECT E-MAIL ADDRESS
rkaplan@paulweiss.com

May 3, 2016

**Via ECF**

The Honorable Gregory H. Woods
United States District Judge
United States District Court
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 2260
New York, NY 10007

      *Nungesser v. Columbia University, et al.,* No. 1:15-cv-3216-GHW (S.D.N.Y.)

Dear Judge Woods:

      We represent Columbia University (the "University"), the Trustees of Columbia University, President Lee C. Bollinger, and Professors Jon Kessler, Tomas Vu-Daniel and Marianne Hirsch (collectively, the "Defendants") in the above-captioned matter. Pursuant to Rule 2.C.i of Your Honor's Rules, we submit this letter concerning Defendants' second motion to dismiss as well as a contemplated motion to strike Plaintiff's Second Amended and Supplemented Complaint (the "SAC").

* * *

      On March 11, 2016, this Court dismissed Plaintiff's Amended and Supplemented Complaint (the "Amended Complaint" or "AC"). As noted in the Court's March 11, 2016 Memorandum Opinion and Order (the "Order"), Plaintiff's claims arose out of events that took place subsequent to Plaintiff's involvement in a University disciplinary proceeding, where he was found "not responsible" for "non-consensual sexual intercourse" as alleged by another undergraduate, Emma Sulkowicz. In response to the University's determination that Plaintiff was not responsible, Ms. Sulkowicz made various statements—in particular, a performance art project entitled "Mattress Performance (Carry That Weight)"—in order to protest the University's handling of the disciplinary proceeding. Ms. Sulkowicz's project soon became part of the ongoing national debate concerning sexual assault on college campuses. Characterizing Ms. Sulkowicz's speech and art as gender-based harassment,

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Hon. Gregory H. Woods                                                                                           2

Plaintiff alleged that the University should have prevented Ms. Sulkowicz from carrying out her protest pursuant to Title IX of the Education Amendments of 1972 ("Title IX").

   This Court dismissed the Amended Complaint in a 26-page opinion in which it carefully analyzed Plaintiff's allegations and determined that he had not pleaded a violation of Title IX. The Court held that Plaintiff: (1) "fail[ed] to plead facts giving rise to a plausible inference that Sulkowicz's actions were *motivated* by his gender" (Order at 12 (emphasis in original)); (2) "fail[ed] to allege harassing *conduct* that is sexual in nature such that it states a Title IX claim" (*id.* (emphasis in original)); and (3) failed to "plausibly plead deprivation of access to educational opportunities" sufficient to state a claim under Title IX (*id.* at 16). The Court also dismissed Plaintiff's claims under state law. While Plaintiff's state-law claims for breach of the implied covenant of good faith and fair dealing, promissory estoppel and negligence were dismissed with prejudice, he was afforded leave to replead the other claims.

   As outlined below, although Plaintiff has repleaded, the SAC fails to cure the deficiencies identified by the Court in the Amended Complaint. Plaintiff also adds voluminous amounts of immaterial, extraneous, and improper allegations to the SAC that probably should be stricken in any event.

   <u>Motion to Dismiss.</u> Plaintiff is still unable to plead facts sufficient to show that the alleged peer harassment directed toward him was "motivated by his gender." (Order at 11.) Plaintiff's core argument in the SAC is that Sulkowicz "falsely" calling him a "rapist" constituted gender-based harassment. (SAC ¶¶ 111-121.) This Court squarely rejected that theory in the Order, declining to credit the proposition that Plaintiff "was publicly branded a serial rapist 'because he is a male,'" and "the assumption that calling someone a rapist, falsely or not, is inherently gendered." (Order at 11 (quoting AC ¶ 77); *see also id.* at 13 (finding that "Sulkowicz's use of the word [rapist] was based on a particular event involving a particular male; it was not used as a generic term to disparage men, or [Plaintiff] as a man").) Given his reliance on this same theory in his SAC—namely, that he was "falsely" branded a "rapist," which is a "gendered slur" (SAC ¶¶ 111-121)—Plaintiff has provided the Court with no reason to reconsider its prior ruling.

   Plaintiff also fails to allege harassing "conduct" that is sexual in nature. As in his prior pleading, Plaintiff still "does not allege that Sulkowicz ever attempted to touch him, spoke to him, followed him, or otherwise interacted with him after the [disciplinary proceeding]." (Order at 13.) Instead, Plaintiff alleges, in wholly conclusory terms, that "[t]he defamation of an innocent male as a 'rapist' / 'serial rapist' verbally, in writing and drawing . . . is prohibited by Title IX." (SAC ¶ 122.) Once again, this Court flatly rejected substantially the same allegations in the Order, noting that "Sulkowicz's public statements that she wanted her rapist off campus are not the type of conduct that creates an actionable Title IX claim." (Order at 13.) Nor, as the Court previously concluded, do Plaintiff's "allegations regarding the exhibition of Sulkowicz's prints prior to graduation" support such a claim. (*Id.* at 11 n.9.) The mere fact that Plaintiff has added images of two of the prints previously described in detail in the Amended Complaint does not compel a different result. (*Compare* AC ¶ 116, *with* SAC ¶ 75.)

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Hon. Gregory H. Woods                                                       3

        Plaintiff also still fails to plead facts demonstrating that he was deprived of access to educational opportunities. As he did in the Amended Complaint, Plaintiff points to "claims that his ability to perform academically suffered as a result of Sulkowicz's actions, that he was prevented from attending on campus career-recruiting events, and that Columbia facilities were not 'reasonably available' to him due to threats to his physical safety." (Order at 15 (citing AC ¶¶ 106, 108-09); *compare* SAC ¶¶ 135-166.) Although the SAC adds screenshots of additional social media messages that allegedly made Plaintiff fear for his safety on campus, it again fails to allege any *facts* suggesting that any of the messages actually came from other Columbia students. Although the SAC also adds a few inconsequential details concerning some on- and off-campus events Plaintiff allegedly was unable to attend, and notes that he was given an extension to a take a final exam, there still "is no suggestion that his grades dropped, that he was delayed or prevented from graduating (to the contrary, he graduated on time in May 2015), or that he missed a single class as a result of these events." (Order at 15.) Similarly, Plaintiff's state-law causes of action should be dismissed for the same reasons set forth in the Order.

        Finally, the Order did not grant Plaintiff leave to add new defendants, thus the claims against Tomas Vu-Daniel and Marianne Hirsch should be dismissed in their entirety. *See, e.g., Dhar v. City of N.Y.*, No. 12-cv-3733 (ENV)(VVP), 2015 WL 4509627, at *2 (E.D.N.Y. July 24, 2015).

        <u>Motion to Strike</u>. Defendants are also considering moving to strike certain allegations in the 100-page SAC that are redundant, immaterial, irrelevant and/or outrageous, including, for example, the discussion of "victims who were made to penetrate," (SAC ¶ 108), the assertion that "men are just as likely to fall victim to sexual violence as females" (*id.* ¶ 114), numerous references to articles and external sources that simply do not belong in a complaint (*e.g., id.* ¶¶ 118, 129 & nn. 13-14, 88-89, 92, 102-04, 120, 127-28), as well as the wholly speculative hypothetical concerning the fictional "Paula" and "Emmet" (*id.* ¶¶ 92-104).

* * *

        This letter is intended to provide the Court with an overview of the grounds for Defendants' responses to the SAC, but is not intended as an exhaustive recitation of all arguments that Defendants might make. Defendants reserve the right to make additional arguments as appropriate, including in response to any positions taken by Plaintiff in a responsive letter or at the pre-motion conference.

                                                              Respectfully submitted,

                                                              Roberta A. Kaplan

cc:    Counsel of record