UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
PAUL NUNGESSER,                                :
                                               :
                              Plaintiff,       :
                                               :          1:15-cv-3216-GHW
            -v -                               :
                                               :          MEMORANDUM OPINION
COLUMBIA UNIVERSITY, TRUSTEES OF               :          AND ORDER
COLUMBIA UNIVERSITY, LEE C.                    :
BOLLINGER, JON KESSLER, THOMAS VU-             :
DANIEL, and MARIANNE HIRSCH,                   :
                                               :
                              Defendants.      :
---------------------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/23/2017

GREGORY H. WOODS, United States District Judge:

In 2013, Columbia University student Emma Sulkowicz filed a complaint with the University alleging that fellow student Paul Nungesser had raped her. After an investigation, a hearing panel convened by Columbia found that Nungesser was "not responsible." In this suit, Nungesser seeks redress from Columbia for alleged violations of Title IX of the Education Amendments of 1972 arising from events that ensued—most notably, Sulkowicz's senior thesis performance art project entitled "Mattress Project: Carry That Weight," which attracted widespread media attention. Nungesser also brings various state-law claims against Columbia and the individual defendants. Defendants have moved to strike certain portions of the Second Amended and Supplemented Complaint ("SAC"). ECF No. 55. For the reasons below, Defendants' motion to strike is DENIED.

I.   **LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 12(f), a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike are generally disfavored, and "courts should not tamper with the pleadings unless there is a strong reason for so doing." *E.g.*, *City of New York v. Fedex Ground Package Sys., Inc.*, 314 F.R.D. 348,

354 (S.D.N.Y. 2016) (quoting *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976)); *see also Allocco v. Dow Jones & Co.*, No. 02-cv-1029 (LMM), 2002 WL 1484400, at *1 (S.D.N.Y. July 10, 2002) (stating that motions to strike "will not be granted unless it is clear that the allegations in question can have no possible bearing on the subject matter of the litigation" (internal quotation marks and citation omitted)). To prevail on a motion to strike, "a party must demonstrate that (1) no evidence in support of the allegations would be admissible; (2) that the allegations have no bearing on the issues in the case; and (3) that to permit the allegations to stand would result in prejudice to the movant." *Landesbank Baden-Württemberg v. RBS Holdings USA Inc.*, 14 F. Supp. 3d 488, 497 (S.D.N.Y. 2014) (citation omitted). "Federal courts have discretion in deciding whether to grant motions to strike." *Allocco*, 2002 WL 1484400, at *1 (citation omitted).

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(d) requires pleadings to be "simple, concise, and direct." In addition to the grounds stated expressly in Rule 12(f), the Rule "is designed to reinforce the requirement in Rule 8[(d)] that pleadings be simple, concise, and direct." *In re Merrill Lynch & Co. Inc. Research Reports Sec. Litig.*, 218 F.R.D. 76, 78 (S.D.N.Y. 2003). "[U]nnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1281). "When a complaint does not comply with the requirement that it be short and plain, the court has the power . . . to strike any portions that are redundant or immaterial . . . or to dismiss the complaint." *Id.*; *see also Blakely v. Wells*, 209 F. App'x 18, 20 (2d Cir. 2006) ("The district court acted within the bounds of permissible discretion in dismissing the second amended complaint for noncompliance with Rule 8(a). The pleading, which spanned 57 pages and contained 597 numbered paragraphs, was far from short or plain."); *Amsterdam v. Office of Hawaiian Affairs*, cv-

No. 10-00525, 2011 WL 3585864, at *5 (D. Haw. Aug. 16, 2011) (dismissing complaint for failure to comply with Rule 8(d)).

## II. DISCUSSION

In addition to well-pleaded factual allegations, the prolix SAC, in its 100 pages, 273 numbered paragraphs, and *157 footnotes*, contains a great deal of extraneous matter. This includes arguments, a gender-swapping hypothetical, descriptions of social science articles, citations to case law and agency guidance, rhetorical questions, Greek chorus-style commentary, and even outright polemics. Indeed, large portions of the SAC read more like a brief than a pleading submitted in a counseled case. Nungesser, through his counsel, has rendered the Court's task far more difficult and time consuming than necessary by ignoring Rule 8(d)'s requirement that a complaint's allegations be simple, concise, and direct and Rule 8(a)'s requirement that the statement of his claims be "short and plain." Nevertheless, in light of the general disfavor toward motions to strike, and because the Court does not conclude that Defendants will be prejudiced by denial of the motion, the Court declines to grant Defendants' motion.

That the Court has declined to grant Defendants' motion does not mean that the Court will consider all of the challenged portions of the SAC in ruling on Defendants' motion to dismiss. While a court must "accept all *facts* alleged in the complaint as true," *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 124 (2d Cir. 2008) (per curiam) (emphasis added), that requirement does not apply to matters that are not facts. That includes legal conclusions, *Iqbal*, 556 U.S. at 679, "hypothetical speculation," *Solow v. Citigroup, Inc.*, 827 F. Supp. 2d 280, 289 (S.D.N.Y. 2011), and arguments, *Philips v. Pitt Cty. Memorial Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

## III. CONCLUSION

Because the Court does not conclude that the challenged portions of the SAC would work prejudice on Defendants if not stricken, Defendants' motion to strike is DENIED.

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 55.

SO ORDERED.

Dated: March 23, 2017  
New York, New York

_____  
GREGORY H. WOODS  
United States District Judge